UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YAO YANG,

          Petitioner,

   v.

ALBERTO R. GONZALES, et al.,

          Respondents.

CASE NO.  C07-31-RSL-MJB

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Yao Yang is a native and citizen of China who is being detained by the United States Immigration and Customs Enforcement ("ICE") pursuant to a final order of removal. On January 8, 2007, petitioner, proceeding pro se, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the statutory and constitutional authority of ICE to detain him any further under *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), due to the unlikelihood of his removal from the United States in the reasonably foreseeable future. (Dkt. #1). On February 12, 2007, respondents filed a Return and Status Report and Cross-Motion to Dismiss, arguing that petitioner had filed a previous habeas petition in this Court challenging his removal from the United States, and had obtained a stay of

REPORT AND RECOMMENDATION
PAGE – 1

removal pending a decision on that petition. (Dkt. #8). Respondents argue that they have been unable to remove petitioner from the United States because the stay of removal entered in his previous habeas case is still in effect. On March 16, 2007, however, the Honorable Thomas S. Zilly entered an order and judgement denying and dismissing petitioner's previous habeas petition with prejudice. *See Yang v. Clark*, Case No. C06-1023-TSZ-JPD (Dkts. #19 and #20). Accordingly, the Court's stay of removal in that case is no longer in effect.

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #1) be DENIED, and that respondents' motion to dismiss (Dkt. #8) be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner Yao Yang is a native and citizen of China. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at R119). He claims to have entered the United States at New York, New York, on or about November 19, 1992, using a forged Chinese passport. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at R35). On November 3, 1993, petitioner filed a form I-589 Request for Asylum with the former Immigration and Naturalization Service ("INS").[1] (*See Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at R27-35). During his interview at the asylum office, petitioner admitted his alienage and deportability. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at R25-6). The asylum officer determined that petitioner was not eligible for asylum and referred his case to an Immigration Judge ("IJ"). *Id.*

On June 3, 1996, the INS issued an Order to Show Cause, placing petitioner in

---

[1] Effective March 1, 2003, the Immigration and Naturalization Service was abolished pursuant to the Homeland Security Act of 2002, 116 Stat. 2135, Pub. L. 107-296, *codified at* 6 U.S.C. § § 101, *et seq.*, and its immigration functions were transferred to the Department of Homeland Security ("DHS").

REPORT AND RECOMMENDATION
PAGE – 2

deportation proceedings and alleging deportability for entering the United States on November 19, 1992, without inspection. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at R166). On February 12, 1997, following a merits hearing, the IJ denied petitioner's application for asylum and withholding of removal, but granted voluntary departure. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at R38, R92-102). Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at R104-106). On February 27, 1998, the BIA affirmed the IJ's decision. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at R112-13). Petitioner failed to depart the United States and his voluntary departure order became an order of deportation.

On July 9, 2002, petitioner filed a Motion to Reopen with the BIA. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at R126). The BIA denied that motion on August 23, 2002. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at R167). On June 6, 2006, petitioner was arrested in Anchorage, Alaska. Petitioner has refused to complete an application for travel documents to China, and on June 9, 2006, petitioner was served with a Warning for Failure to Depart, notifying him of the consequences of his failure to cooperate in obtaining travel documents for his removal. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at R143).

On July 20, 2006, petitioner and his wife brought a joint petition for writ of habeas corpus and an emergency motion for stay of removal. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #4). On July 26, 2006, the Court granted petitioner's request for a temporary stay of removal pending resolution of the habeas petition. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #6).

REPORT AND RECOMMENDATION
PAGE – 3

1  On January 8, 2007, petitioner filed the instant habeas petition, challenging his continued

2  detention. (Dkt. #1). On February 12, 2007, respondents filed a return and status report and

3  cross-motion to dismiss.[2] (Dkt. #8). Petitioner did not file a response to respondents' motion.

4  On February 2, 2007, the Honorable James P. Donohue issued a Report and

5  Recommendation ("R&R"), recommending that petitioner's 2006 habeas petition be dismissed

6  with prejudice. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #18). On March 16, 2007,

7  the Honorable Thomas S. Zilly entered an order and judgment adopting the R&R and dismissing

8  petitioner's 2006 habeas petition with prejudice. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD,

9  Dkts. #19 and #20). Accordingly, the Court's stay of removal in that case is no longer in effect.

## III. DISCUSSION

"When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90-day 'removal period.'" *Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004)(citing *Xi v. INS*, 298 F.3d 832, 834-35 (9th Cir. 2002)); INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added); s*ee also Khotesouvan v. Morones*, 386 F.3d 1298,

---

[2]The Court notes that although the government identified its motion to dismiss as a "cross-motion," the government's return filed in accordance with 28 U.S.C. § 2243 is the moving document establishing the briefing schedule under Local Rule 7(d)(3). Therefore, the government's motion is more accurately identified as a motion to dismiss rather than as a cross-motion.

REPORT AND RECOMMENDATION
PAGE – 4

1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-immigration related confinement."). During the removal period, continued detention is statutorily required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Where removal cannot be accomplished within the ninety-day removal period, detention beyond the removal period is authorized by INA § 241(a)(6), 8 U.S.C. § 1231(a)(6). In *Zadvydas* the Supreme Court determined that, beyond those ninety days, the government is entitled to a presumptively reasonable period of detention of six months to bring about the alien's removal from the United States. *Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). After the six month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In the present case, Judge Zilly entered an order and judgement denying and dismissing petitioner's previous habeas petition on March 16, 2007, thereby lifting the stay and commencing the removal period. *See* INA § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii). Accordingly, petitioner's ninety-day removal period expired on or about June 16, 2007, and the six month presumptively reasonable period will expire on or about September 16, 2007. Accordingly, petitioner's detention is lawful, and the Court must deny habeas relief.

## IV.  CONCLUSION

For the foregoing reasons, I recommend that respondents' motion to dismiss be granted, and that this action be dismissed. A proposed Order accompanies this Report and

REPORT AND RECOMMENDATION
PAGE – 5

Recommendation.

DATED this 10th day of July, 2007.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 6